

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



BROADCAST MUSIC, INC.; EMI
BLACKWOOD MUSIC, INC.; SONG A TRON
MUSIC; EMBASSY MUSIC CORPORATION;
STONE DIAMOND MUSIC CORP.; and
SONY/ATV SONGS LLC,

          Plaintiffs,

v.

83/AMSTERDAM RESTAURANT CORP.
d/b/a HI LIFE BAR AND GRILL; and
EARL GEER, individually,

          Defendants.

Civil Action No. _____

**COMPLAINT**

      Plaintiffs, by their undersigned attorneys, for their Complaint against Defendants 83/Amsterdam Restaurant Corp. d/b/a Hi Life Bar and Grill and Earl Geer (collectively, "Defendants"), allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

### JURISDICTION AND VENUE

      1.     This is an action for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"). This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

      2.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

### THE PARTIES

      3.     Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the state of New York. BMI's principal place of business is 7 World Trade Center,

250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 8.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this action. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff EMI Blackwood Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Song A Tron Music is a partnership owned by Allen George and Fred McFarlane. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff Embassy Music Corporation is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Stone Diamond Music Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Sony/ATV Songs LLC is a limited liability company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Defendant 83/Amsterdam Restaurant Corp. is a corporation, organized and existing under the laws of the state of New York, that operates, maintains and controls an establishment known as Hi Life Bar and Grill, located at 477 Amsterdam Avenue, New York, New York 10024-5001 (the "Establishment"), in this district.

11. In connection with the operation of the Establishment, Defendant 83/Amsterdam Restaurant Corp. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

12. Defendant 83/Amsterdam Restaurant Corp. has a direct financial interest in the Establishment.

13. Defendant Earl Geer is the Chief Executive Officer of Defendant 83/Amsterdam Restaurant Corp. with primary responsibility for the operation and management of that corporation and the Establishment.

14. Defendant Earl Geer has the right and ability to supervise the activities of Defendant 83/Amsterdam Restaurant Corp. and a direct financial interest in that corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

15. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 14.

16. Plaintiffs allege four (4) claims of copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

17. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the four (4) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in

3

this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

18. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

19. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

20. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

21. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

22. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement.

Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. § 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. § 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated: March 25, 2015  
New York, New York

**GIBBONS P.C.**

By: _____  
Mark S. Sidoti  
J. Brugh Lower  
One Pennsylvania Plaza, 37th Floor  
New York, New York 10119-3701  
Tel: 973-596-4581  
Fax: 973-639-6292  
msidoti@gibbonslaw.com  
jlower@gibbonslaw.com  

*Attorneys for Plaintiffs*

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Show Me Love |
| Line 3 | Writer(s) | Allen George; Fred Mc Farlane |
| Line 4 | Publisher Plaintiff(s) | EMI Blackwood Music, Inc.; Allen George and Fred Mc Farlane, a partnership d/b/a Song A Tron Music |
| Line 5 | Date(s) of Registration | 3/24/95 |
| Line 6 | Registration No(s). | PA 752-568 |
| Line 7 | Date(s) of Infringement | 10/10/2014 |
| Line 8 | Place of Infringement | Hi Life Bar and Grill |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Tainted Love |
| Line 3 | Writer(s) | Ed Cobb |
| Line 4 | Publisher Plaintiff(s) | Embassy Music Corporation |
| Line 5 | Date(s) of Registration | 8/30/76 |
| Line 6 | Registration No(s). | Eu 718047 |
| Line 7 | Date(s) of Infringement | 11/21/2014 |
| Line 8 | Place of Infringement | Hi Life Bar and Grill |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Where Did Our Love Go |
| Line 3 | Writer(s) | Eddie Holland; Lamont Dozier; Brian Holland |
| Line 4 | Publisher Plaintiff(s) | Stone Diamond Music Corp. |
| Line 5 | Date(s) of Registration | 5/25/64 |
| Line 6 | Registration No(s). | Ep 188118 |
| Line 7 | Date(s) of Infringement | 11/21/2014 |
| Line 8 | Place of Infringement | Hi Life Bar and Grill |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Wonderwall |
| Line 3 | Writer(s) | Noel Gallagher |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC |
| Line 5 | Date(s) of Registration | 11/20/95 |
| Line 6 | Registration No(s). | PA 782-736 |
| Line 7 | Date(s) of Infringement | 11/21/2014 |
| Line 8 | Place of Infringement | Hi Life Bar and Grill |